# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-02927-BCL-tmp |
| | ) | |
| FEDERAL EXPRESS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Federal Express's ("FedEx") Motion for Summary Judgment. Doc. 31. For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

**A.**     Plaintiff Patrick Anderson is a Black male who was hired by FedEx on June 18, 1990, and worked for the company for more than thirty years. Doc. 35-1 at 1. Having started in the FedEx hub, he eventually worked his way up to the position of Lead Aviation Maintenance Technician in October 2005. *Id*. at 1-2; Doc. 31-1 at 2.

On the morning of January 17, 2024, Plaintiff was involved in a confrontation with Senior Aviation Maintenance Technician Cedric Montgomery. Doc. 35-1 at 2. This encounter was witnessed by Maintenance Technician Joe Bonello, who subsequently reported it to his Manager, William Kent. *Id.* at 2-3. Kent then asked Plaintiff to provide a written statement about what occurred between him and Montgomery. *Id*. at 3. Plaintiff submitted his written statement to Kent on the same day, stating that Montgomery walked towards him, bumped him in his chest and said,

"you fuck with my family…I will kill you." *Id*.; Doc. 31-4. Montgomery claimed to management that the confrontation occurred because Plaintiff had made comments about Montgomery's wife; he also stated that, months before the incident, he had a verbal confrontation with Plaintiff concerning Plaintiff's showing—while at work—of videos or pictures of the wives of his coworkers, in which they were unclothed (and, according to FedEx, engaged in sexual activity with Plaintiff). Doc. 22 at 3-4; Doc. 25 at 3.

On January 23, 2024, Kent requested Plaintiff to report to the FedEx Security Department to meet with Security Investigator Kimberly Wicks Beason. Doc. 35-1 at 3. During this meeting, Plaintiff provided another written statement recounting the altercation and stating, "[i]n the hangar I have showed some guys a video of a naked woman several months ago years back [sic]…" Doc. 35-2 at 3-4; Doc. 31-4 at 3.

On January 24, 2024, Kent requested a written statement from Plaintiff regarding his showing of a video of a naked woman in the hangar. Doc. 35-2 at 4. In this statement, Plaintiff wrote:

> I, Patrick Anderson showed some pictures to some guys and I don't remember. A group of us being silly. We had a issues in the hangar with a manager showing pictures/videos. I understand my situation was inappropriate. And with the manager issue. All pictures was deleted/videos. I don't remember exactly when it was I guess several months or year."

Doc. 35-1 at 4; Doc. 31-4 at 4.

Kent then suspended Plaintiff with pay pending an investigation of the video incident. Doc. 35-1 at 4-5; Doc. 31-4 at 5. The suspension letter dated January 24, 2024 stated, "[e]ffective immediately, you are being placed on suspension with pay pending an investigation of potential violation of 2-5 Acceptable Conduct, policy in the People Manual." Doc. 31-4 at 5.

On January 30, 2024, Kent terminated Plaintiff's employment. Doc. 31-1 at 3. His termination letter reads in pertinent part:

> On 1/23/2024, during an active investigation, you admitted to showing inappropriate material at work. Upon completion of our investigation, it was determined that your conduct was in violation of the Acceptable Conduct Policy (P2-5), a copy of which is attached for your review. As a result of your behavior, your employment is being terminated effective today.

Doc. 31-4 at 6.

On February 4, 2024, Plaintiff filed a Guaranteed Fair Treatment Procedure ("GFTP") appeal—an appeal internal to FedEx—of his termination, which was denied. Doc. 35-1 at 5. In his appeal, Plaintiff wrote:

> I was asked to write a statement about an incident that occurred with another employee, and about this employee chest bumping me in the hallway. While trying to write my statement and explain this matter to security; she proceeds to constantly drill me about a video, and what other employees said, which had nothing to do with why I was there. I said yes; I had shared a video with that employee over ten years ago.

Doc. 31-4 at 7.

On August 12, 2024, Plaintiff filed a Charge of Discrimination with the EEOC alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964. Doc. 31-1 at 3; Doc. 35-1 at 5. Doc. 35-1 at 6.

**B.**     Plaintiff filed the present action on November 25, 2024, asserting claims of race discrimination under Title VII and 42 U.S.C. § 1981. Doc. 2; Doc. 22. In support of his claims, Plaintiff compares his termination to FedEx's employment actions against Manager Kirk Bennet, a white male. Doc. 22 at 4; Doc. 35 at 2.

Bennett is a former FedEx Manager who was terminated on November 7, 2023, for allegedly showing "inappropriate pictures from his cell phone to peer managers and hourly employees." Doc. 35-1 at 7. It was also alleged that he hung a picture of a female FedEx employee,

3

wearing a bikini, in a manager's office as a joke. *Id*. That termination was carried out by Larry Bradbury, Senior Manager, Hangar Maintenance, on the ground that Bennett's conduct violated the Acceptable Conduct Policy (P2-5). Doc. 31-5 at 2.

On November 13, 2023, Bennett challenged his termination under FedEx's GFTP. Doc. 35-1 at 8. As a part of the GFTP process, Human Resources Investigator Lisa Monohan conducted an investigation into the alleged misconduct and presented that information to Managing Director Les Frank. Doc. 35-1 at 9. Managing Director Frank was responsible for conducting a Step 1 GFTP meeting relating to Bennett's termination. *Id*. During that meeting, Frank questioned Bennett regarding the allegations that resulted in his termination. *Id*. at 8-9. Bennett denied showing inappropriate pictures to FedEx employees. *Id*. Based on Bennett's responses to Frank's questions at the GFTP Step 1 meeting and his investigation into the reasons for Bennett's termination, Frank had doubts about whether Bennett had shown inappropriate pictures at the workplace as alleged in his termination letter. *Id*. at 9-10. As a result, Frank decided to reinstate Bennett's employment, transferred him from Base Maintenance to Line Maintenance, and give him a Warning Letter. *Id*. at 10.

In support of its Motion for Summary Judgment, FedEx argues that Plaintiff is unable to establish a *prima facie* case of race discrimination under Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981 because his alleged comparator (Bennet) is not similarly situated. Doc. 31. In the alternative, FedEx argues that even if Plaintiff could make a *prima facie* case of race discrimination, he cannot establish the that the stated reasons for his termination are pretextual. *Id*.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

4

Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When the moving party has carried its burden…its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *Feagin v. Mansfield Police Dep't*, 155 F.4th 595, 612 (6th Cir. 2025). "Blanket denials of a defendant's evidence are 'not enough' to create a genuine issue of material fact." *Id*. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

In deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Id*.

## ANALYSIS

The parties agree that both of Plaintiff's claims (under Title VII and Section 1981) are governed by the framework set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Doc. 35 at 21 (Plaintiff acknowledging that the two claims will rise or fall together). "Under the first step of that framework"—where the plaintiff must make out a *prima facie* case of discrimination—the "plaintiff must show (1) that he was a member of a protected class, (2) that he experienced an adverse employment action, (3) that he was qualified for the position, and (4) that

5

he was treated differently than similarly situated employees." *Bilyeu v. UT-Battele, LLC*, 154 F.4th 396, 403 (6th Cir. 2025). If the plaintiff makes out a prima facie case, "the defendant must identify a legitimate, nondiscriminatory reason for its actions." *Patters v. Kent State University*, 155 F.4th 635, 645 (6th Cir. 2025).  Then, if the defendant identifies such reasons, the plaintiff must "offer evidence that the employer's justification is pretextual." *Id.*

As noted, FedEx argues in the present Motion for Summary Judgment that Plaintiff is unable to establish a *prima facie* case of race discrimination under Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981 because his alleged comparator (Bennet) is not similarly situated. Doc. 31. In the alternative, FedEx argues that even if Plaintiff could make a *prima facie* case of race discrimination, he cannot establish the that the stated reasons for his termination are pretextual. *Id*.

**I.      FedEx is not entitled to summary judgment based on a *prima facie* case of race discrimination.**

"To establish a prima facie claim of racial discrimination under Title VII, a plaintiff must show that: 1) he is a member of a protected class; 2) was qualified for the job; 3) he suffered an adverse employment decision; and 4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees." *Newman v. Fed. Exp. Corp.*, 266 F.3d 401, 406 (6th Cir. 2001). Defendant FedEx concedes that elements one through three have been satisfied. Doc. 38 at 2.

As a result, the only element at issue is whether Plaintiff was treated differently than similarly situated employees who do not belong to his protected class. *Id*.  To establish the fourth element the plaintiff is "not required to demonstrate an exact correlation between himself and others similarly situated; rather, he [has] to show only that he and his proposed comparators were similar in all relevant respects, and that he and his proposed comparators engaged in acts of comparable seriousness." *Bobo v. United Parcel Serv.*, 665 F.3d 741, 751 (6th Cir. 2012),

*abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 570 U.S. 338 (2013). "While the precise aspects of employment that are relevant to determining whether the similarly situated requirement has been satisfied depend on the facts and circumstances of each case, this court has generally focused on whether the plaintiff and the comparable employee: (1) share the same supervisor; (2) are subject to the same standards; and (3) have engaged in the same conduct 'without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Barry*, 276 F. App'x 477, 480–81 (6th Cir. 2008); *see also Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352-53 (6th Cir. 1998). "[A] plaintiff need not show an 'exact correlation' with the employee who received favorable treatment to be considered similarly situated." *Hayes v. Clariant Plastics & Coatings USA, Inc.*, 144 F.4th 850, 858 (6th Cir. 2025).

Here, FedEx makes three arguments concerning why, in its view, Bennett is not similarly situated to Plaintiff.

*First*, FedEx points out that, unlike Plaintiff, Bennet "was a manager with different responsibilities, experience, and work record." However, FedEx provides no citation to the record reflecting the relevant "differences in job title, responsibilities, experience, and work record" that FedEx alleges. Moreover, the undisputed evidence in the summary judgment record shows that FedEx's policy either applied or should be applied the same to all employees or even *more stringently* to managers. Doc. 38-1 at 4, 7. On this record, then, a reasonable jury could conclude that Bennet's status as a manager did not make him dissimilarly situated.

*Second*, FedEx argues that Bennet is not similarly situated because his case involved materially different circumstances: where Bennet denied having shown nude videos to coworkers while at work, Plaintiff admitted having done so (albeit while making conflicting statements

concerning precisely when he did so). Doc. 31-1 at 7-8.  Indeed, Les Frank relied on Bennett's denial in reducing his termination to a warning letter and transfer at the conclusion of FedEx's internal appeals process. Doc. 35-1 at 8-10.  That difference—an admission on one hand and a denial on the other—as a matter of logic would seem to make two comparators fundamentally dissimilar, particularly in a case in which there are no recordings or physical evidence disproving the denial.  But the Sixth Circuit has held that "whether the other identified supervisors who did not admit misconduct are similarly situated to [the plaintiff] is a jury question." *Bobo*, 665 F.3d at 757.  This consideration therefore cannot justify summary judgment, and certainly not on its own.

*Third,* FedEx points out that Anderson and Bennet were disciplined by different managers. Doc. 31-1 at 6. Anderson was terminated by Manager William Kent and his GFTP appeal was denied by Managing Director Charles Maund. Doc. 38 at 4. Bennett was terminated by Senior Manager Larry Bradbury but later reinstated by Managing Director Les Frank. Doc. 31-1 at 6.  As Plaintiff Anderson notes, "the 'same supervisor' criterium has never been read as an inflexible requirement," *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 479 (6th Cir. 2003), and "does not automatically apply in every employment discrimination case," *McMillan v. Castro*, 405 F.3d 405, 414 (6th Cir. 2005). *McMillan* simply noted that the same supervisor rule does not apply in all cases. *Id.* at 414. And in dispensing with the same-supervisor issue in *Seay*, the Sixth Circuit relied on evidence that the sort of violation there at issue occurred too rarely to generate comparators within the same components of the large organization. 339 F.3d at 479; *accord Louzon v. Ford Motor Co.*, 718 F.3d 556, 564 (6th Cir. 2013). Plaintiff points to no similar evidence here.

Based on Bennett's denial of his infraction and the fact that he was subjected to discipline by a different supervisor, it is difficult to view him as a meaningful comparator here, such that his lack of termination suggests racial discrimination. Nevertheless, the Court's hands are tied by the

Sixth Circuit's decision in *Bobo*, in which the Sixth Circuit reversed a grant of summary judgment to an employer even where the comparators did not share a supervisor with the plaintiff—and without any explanation concerning why the lack of a shared supervisor did not matter on the facts of that case. *Id.* at 751, 755. And it did so despite the comparators' differing circumstances--refusal to admit liability, as discussed above. That holding appears to be in tension with the very existence of factors for use in identifying relevant comparators: Why have factors—or at least why include a common supervisor as a factor—if the existence of a comparator is going to be an issue for the jury whenever there loosely exists at least arguable parallels between folks of different classes who were disciplined differently? To be clear, perhaps the law does compel that looser, impressionistic rule, sending many more cases to the jury. But it is in substantial tension with other cases providing relatively granular factors. Respectfully, this might be an area warranting some cleanup by the Sixth Circuit. But, in any event, this Court is bound by *Bobo*, which precludes summary judgment for FedEx on *McDonnell Douglas*'s *prima facie* step.

## II.      FedEx is not entitled to summary judgment on pretext.

FedEx also argues that, even if Plaintiff has shown sufficient evidence to make out a *prima facie* case, Plaintiff has not shown evidence capable of allowing a reasonable jury to conclude that FedEx's stated reason for the firing—that Plaintiff showed coworkers videos of nude women while at work—was pretextual. "In order to show pretext, a plaintiff must demonstrate that the defendant's proffered reason for taking adverse action either: (1) had no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to motivate the adverse action." *Adebisi v. Univ. of Tennessee*, 341 F. App'x 111, 113 (6th Cir. 2009).

In its Motion, FedEx argues only that Plaintiff has not presented an issue of material fact on the issue of pretext because his "admission that he was guilty of the very conduct for which

9

FedEx terminated his employment effectively ends the pretext inquiry." Doc. 31-1 at 10. But disparate treatment of a similarly situated comparator can be evidence of pretext.[1] *See Chattman v. Toho Tenax America, Inc.*, 686 F.3d 339, 349 (6th Cir. 2012). As a result, FedEx's pretext argument falls with its argument concerning Plaintiff's prima facie case.

### CONCLUSION

For the foregoing reasons, Defendant FedEx's Motion for Summary Judgment is **DENIED**.

**SO ORDERED**, this 13th day of April, 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

---

[1] The Sixth Circuit has noted that the comparator standard is in some ways more difficult to satisfy at the pretext stage. *See Miles v. South Central Human Resource Agency, Inc.*, 946 F.3d 883, 893-94 (6th Cir. 2020). But FedEx has offered no argument concerning how that standard should apply at the pretext stage, nor about how Plaintiff's evidence fails to satisfy it at the pretext stage. FedEx therefore has forfeited any such arguments for purposes of summary judgment.